# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY WHALEY,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. 1:14-cv-01719-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 29) |

Petitioner Monica Perales ("Counsel"), attorney for Plaintiff Billy Ray Whaley ("Plaintiff"), filed the instant motion for attorney fees on February 14, 2018. (ECF No. 29.) Counsel requests fees in the amount of $18,212.25 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not filed an objection to the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on October 31, 2014. (ECF No. 1.) On March 29, 2016, the magistrate judge's order issued finding that the ALJ erred. (ECF No. 25.) The Court entered judgment in Plaintiff's favor and the action was remanded. (ECF No. 26.)

On June 24, 2016, the parties filed a stipulation for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 27.) On June 24, 2016, an order issued awarding Plaintiff attorney fees of $5,000.00 as authorized by 28 U.S.C. § 2412. (ECF No. 28.)

On remand, the ALJ found that Plaintiff was disabled from March 3, 2011 through June 1, 2015, and past-due benefits were awarded in the amount of $90,461.00.[1] (ECF Nos. 29-3, 29-4.) The Commissioner withheld $22,615.25 from the past-due benefit for attorney fees. (ECF No. 29-4 at 1.) This amount equals 25 percent of the retroactive benefit award. (Id.)

In the instant motion, Petitioner seeks $18,212.25 for 24.7 hours of attorney time and 4.25 hours of paralegal time spent working on Plaintiff's case in federal court.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,

---

[1] The Court calculates the past-due benefits amount by multiplying the amount withheld by 4 since the amount withheld was 25% of past-due benefits. Petitioner indicates that she calculated the past-due benefits amount by adding the amount withheld to the amount that was paid to Plaintiff. However, the notice of change in benefits indicates that Plaintiff is entitled to retirement benefits from Social Security beginning July 2017. (ECF No. 29-4 at 1.) The Court notes that the amount that there is less than a $500.00 difference between the amount of past-due benefits calculated by Petitioner and the Court.

2

an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met her burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807-808. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Social Security Representation Agreement, ECF No. 29-2.) Plaintiff has been awarded benefits from March 3, 2011 through June 1, 2015, in the amount of $90,461.00. (ECF Nos. 29-3, 29-41 at 1.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve just over four years of backpay and the favorable decision by the ALJ was issued almost six years after Plaintiff's application for disability benefits, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $18,212.25. This is 20.1 percent of the backpay award. The $18,212.25 fee is not excessively large in relation to the past-due award of $90,461.00. In making this determination,

1 | the Court recognizes the contingent nature of this case and Petitioner's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 29-5.) The log demonstrates that Petitioner spent 24.7 hours on this action and a paralegal spent 4.25 hour on this action, for a total of 28.95 hours spent on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $629.09 per hour for the time of both Petitioner and her paralegal. In Crawford, the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF No. 29-5.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner received a prior award of EAJA fees of $5,000.00, so the award of fees under Section 406(b) must be offset by $5,000.00.

## IV.

## ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $18,212.25 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to the Law Offices of Lawrence D. Rohlfing. The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3. Petitioner is ordered to refund to Plaintiff $5,000.00 of the Section 406(b) fees

4

awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: __**March 13, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE